UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

FRANCIS BROOKE AND FMB ENTERPRISES, LLC,

                Plaintiff,

-against-

COUNTY OF ROCKLAND; STEVEN HEUBECK, DIRECTOR OF ROCKLAND COUNTY POLICE ACADEMY IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; COUNTY OF ROCKLAND SHERIFF'S DEPARTMENT; POLICE CHIEFS' ASSOCIATION OF ROCKLAND COUNTY; SHERIFF LOUIS FALCO, COUNTY OF ROCKLAND SHERIFF'S DEPARTMENT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; UNDERSHERIFF ROBERT VAN CURA, COUNTY OF ROCKLAND SHERIFF'S DEPARTMENT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; SPRING VALLEY POLICE CHIEF PAUL MODICA, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; PIERMONT POLICE CHIEF MICHAEL O'SHEA, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; ORANGETOWN POLICE CHIEF KEVIN NULTY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;

                Defendants.

**COMPLAINT**

**ECF CASE**

17 CV ____

**JURY TRIAL DEMANDED**

Plaintiff FRANCIS BROOKE and FMB ENTERPRISES, LLC, by their attorneys, GLASS KRAKOWER LLP, as and for their Complaint against Defendants, respectfully allege as follows:

1

**PRELIMINARY STATEMENT**

1. Plaintiff and his company FMB Enterprises, LLC, bring this action seeking monetary and equitable relief based upon Defendants' violations of 42 U.S.C. Section 1983 and various related state law claims as a result of retaliatory actions as a whistleblower taken against Plaintiff Brooke for speaking up on matters of public concern regarding issues at the Rockland Police Training Academy.

2. Plaintiff and his company FMB Enterprises, LLC, seek economic and compensatory damages and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief pursuant to federal and state law.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions.

4. This action's venue properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the Defendants are all located in Rockland County, which is within the jurisdiction of the Southern District of New York.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

7. Plaintiffs previously served Written Verified Notices of Claim on Defendants regarding their state claims, which have not yet been adjusted to date.

## PARTIES

8. Plaintiff Brooke is a resident of the County of Rockland and the State of New York.

9. Plaintiff Brooke was the Basic School Coordinator with the Rockland County Police Academy from January 1, 2016, until his company FMB Enterprises, LLC's contract was not renewed by the County of Rockland effective January 1, 2017.

10. At all times relevant herein, Defendant County of Rockland is a County government entity within the State of New York.

11. At all times relevant herein, Defendant County of Rockland Sheriff's Department is a department within the County of Rockland.

12. At all times relevant herein, the Rockland County Police Training Academy is under the jurisdiction of the Sheriff's Department, which is overseen by the Rockland County Police Chiefs' Board of Directors, and the Training Council is composed of a 5-member committee of Rockland County Police Chiefs which oversee training operations at the Police Academy.

13. At all times relevant herein, the New York State Department of Criminal Justice Services (DCJS) oversees and approved all police related training for the State of New York.

14. At all times relevant herein, Defendant Director Steven Heubeck was and is the director of the Rockland County Police Training Academy.

15. At all times relevant herein, Sheriff Louis Falco was and is Rockland County Sheriff.

16. At all times relevant herein, Undersheriff Robert Van Cura was and is one of three Undersheriffs in Rockland County and is a member of the Training Council, which made the decision to terminate and/or suspend Plaintiff and his company from performing services under his contract.

17. At all times relevant herein, Chief Paul Modica was and is Spring Valley Police Chief and President of the Police Chiefs' Association.

18. At all times relevant herein, Chief Michael O'Shea was and is Piermont Police Chief and is a member of the Training Council, which made the decision to terminate and/or suspend Plaintiff from his contract.

19. At all times relevant herein, Chief Kevin Nulty was and is Orangetown Police Chief and is member of the Training Council, which made the decision to terminate and/or suspend Plaintiff from his contract.

## STATEMENT OF FACTS

20. Plaintiff is a former police officer with the Spring Valley Police Department with 28 years of exemplary service, having served as the Department DARE Officer, School Resource Officer, Tactical Team Leader, Firearms Instructor, and Defensive Tactics Instructor while receiving over 30 awards for exemplary service as a police officer.

21. Plaintiff has taught training courses at the Rockland County Police Training Academy since 1990.

22. Plaintiff had received annual stellar reviews from graduating recruits at the Academy while instructing police recruits in the areas of Defensive Tactics and Physical Fitness.

23. Pursuant to Rockland County's Request for Proposal (RFP) RC-2015-022, Plaintiff's company FMB Enterprises, LLC, was awarded a $75,000 contract annually to provide independent contractor services as the Basic School Coordinator for the Rockland County Police Academy, located at 35 Fireman's Memorial Drive, Pomona, NY, commencing January 1, 2016.

24. Plaintiff's company received the County contract award based on a recommendation of the Police Training Council which conducted interviews for the contract position.

25. This RFP allowed for a 1 year term with an option to renew for four additional one-year terms, each paying $75,000 annually.

26. Upon information and belief, historically, these one-year terms have always been renewed as a matter of practice for those awarded such RFPs, and no contractor has not had his or her contract renewed for at least the last 20 years.

27. Plaintiff, and his company FMB Enterprises, LLC, were awarded the Basic School Coordinator contract in December 2015, and on that basis Plaintiff Brooke decided to retire from the Spring Valley Police Department.

28. At the same time Plaintiff Brooke and his company were awarded the contract to serve as Basic School Coordinator, Steven Heubeck, and his company, were awarded the contract to serve as Director of the Police Academy.

29. At the same time, Peter Tarley was awarded the contract as Use of Force Coordinator at the Academy, and Andrew Esposito was awarded the contract as In-Service Coordinator.

30. All of these positions were independent contractor positions with the County.

## Discovery and Reporting of Director Heubeck's Wrongdoing

31. On or about March 2016, Plaintiff Brooke became concerned as he observed Director Heubeck using an uncertified instructor, Dean O'Hanlon, to teach and evaluate students in the Defensive Tactics (DT) Instructor Course for the Police Academy.

32. In April 2016, Plaintiff contacted the New York State DCJS by telephone to have his own name removed from this DT class curriculum as Plaintiff's name was assigned by Heubeck to teach 9 sessions on 5 dates, yet Plaintiff was not directed by Heubeck to teach any of these DT sessions.

33. Plaintiff further expressed concern to DCJS regarding whether state mandated courses were being taught at the Police Academy under Director Heubeck.

34. As a result of Plaintiff's reports to DCJS, upon information and belief, DCJS contacted Heubeck to make corrections to the DT curriculum.

35. On or about May 16, 2016, Plaintiff contacted Spring Valley Police Chief Paul Modica (who is President of the Rockland County Police Chiefs Association) to request a mediation with the Training Council of the Police Chiefs' Association to address allegedly unlawful and illegal actions by Heubeck, specifically, that Heubeck had submitted false curriculum to the State of New York and provided uncertified instructors for a DT Police Instructor's Course.

36. Plaintiff had previously told Chief Modica personally in his office, on or about the end of March 2016, that Heubeck was using an uncertified instructor to provide

required instruction and omitting state mandated blocks of instruction, possibly invalidating the course according to DCJS guidelines.

37. The Training Council did not schedule the mediation requested by Plaintiff, but upon information and belief, met with Director Heubeck independently of Plaintiff instead.

### Initial Notification of Termination of Plaintiff's Contract and Rescission

38. After the spring session of the Police Academy ended on June 24, 2016, Plaintiff received a phone call and a subsequent email, dated July 5, 2016, from Undersheriff Van Cura, a member of the Training Council, advising him that the Police Chiefs and the County of Rockland were terminating his contract because 2 of the Chiefs observed training which Plaintiff conducted that they did not agree with. Van Cura would not provide any additional details.

39. On July 12, 2016, Plaintiff received a phone call from Rockland County Executive Ed Day, advising Plaintiff that only the County Executive can terminate a county contract and he was rescinding the termination of Plaintiff's contract.

40. Plaintiff received a subsequent letter from the County Attorney, dated July 12, 2016, confirming that the County was rescinding the termination of the contract.

### Plaintiff's Additional Reports of Wrongdoing

41. When advised his contract termination was being rescinded on July 12, 2016, Plaintiff requested to speak with the County Attorney about ongoing public safety issues and potential criminal charges involving Director Heubeck and three Rockland County Police Academy instructor schools (i.e., DT, Instructor Development Course, Security Guard Certification) and/or training sessions held on ten dates for these schools.

42. On or about July 13, 2016, Director Heubeck directed Plaintiff to unlawfully violate state regulations by ordering Plaintiff to use an uncertified instructor, Kiera Pollock, to teach a mandated course known as Domestic Violence for the Rockland County Police Academy Basic School. Plaintiff refused Heubeck's improper directive.

43. Pursuant to Plaintiff's request, Plaintiff met with County Attorney Thomas Humbach and Assistant County Attorney Larraine Feiden on July 15, 2016, to discuss Plaintiff's complaints against Heubeck, which included, among other things, various falsified documents and misappropriation of documents signed and submitted to DCJS by Director Heubeck under penalty of perjury.

44. These falsified documents jeopardized mandatory recertification of security guards and two instructor certification courses for current police officers who are actively engaged in police educational and tactical training.

45. Plaintiff also outlined possible corrective measures with County Attorney Feiden to the New York State DCJS.

46. Upon information and belief, on July 19, 2016, County Attorney Feiden briefed Undersheriff Van Cura and Director Heubeck regarding Plaintiff's allegations including falsified documents used by Heubeck.

47. Upon information and belief, following this meeting between Feiden, Van Cura, and Heubeck on July 19, 2016, Undersheriff Van Cura contacted Plaintiff to advise him that the County was again seeking termination of his contract.

48. On July 19, 2016, Van Cura indicated this was necessary as the County cannot have two Coordinators who don't get along, in reference to Plaintiff's complaints of wrongdoing by Heubeck.

49. Plaintiff was called to a subsequent meeting with Feiden and County Auditor Robert Bergman on July 22, 2016, to further discuss Plaintiff's allegations of Director Heubeck's improper and potentially illegal activities and the potential financial impact on the County.

50. At the meeting on July 22, 2016, Feiden disclosed for the first time to Plaintiff that Director Heubeck had made several allegations of misconduct against Plaintiff.

### Ban from Police Academy Duties and Termination of Contract

51. Upon information and belief, Feiden again met with Heubeck and Van Cura on July 26, 2016, to discuss Heubeck's misconduct and possible corrective measures.

52. On July 28, 2016, Plaintiff was advised to come to the Rockland County Sheriff's Department, where Undersheriff Van Cura, with Piermont Chief O'Shea present, advised him orally, and then by letter dated July 28, 2016, that he must surrender all county property and refrain from entering the police academy until further notice.

53. When asked, Undersheriff Van Cura explained the decisions were due to the "ongoing back and forth" with Director Heubeck.

54. Later in August 2016, after she completed her investigation and report, Feiden told Plaintiff that Heubeck's allegations against him were investigated by Feiden and found to be false or mere differences of opinion regarding training methods.

55. At the same time, Feiden also reported to Plaintiff that his allegations of DCJS false filings against Director Heubeck were substantiated.

56. This suspension from Plaintiff's duties under the contract continued until the end of Plaintiff's contract in December 2016.

57. Upon information and belief, and as described further below, following Plaintiff's allegations of wrongdoing by Director Heubeck to the County Attorney, several Chiefs of Police maliciously spread false accusations about Plaintiff becoming violent towards Director Heubeck in an effort to harm Plaintiff's reputation and business relationships.

58. Following July 28, 2016 suspension, Plaintiff has since been barred by the Sheriff's Department as well as various county Police Chiefs from all activities related to the academy, which he was involved with since 1990, as well as police department activities.

59. These activities include using the Firearms Range (Plaintiff is an FBI certified Firearms Instructor), assisting Coordinator Tarley with the Rockland County Recertification Course (HR-218) for retired officers, recruiting and instructing students for the Ramapo Youth Academy and North Rockland Youth Academy, instructing at the Rockland Policing Symposium, limiting paid hours with Rockland Stop DWI, and assisting with the Rockland County Personnel Physical Fitness testing.

60. The County also had Plaintiff's contract payments withheld for a period of 6 weeks during September and October 2016.

61. In addition, in early October 2016, Plaintiff was advised by Academy secretary Carmela Kiernan that Director Heubeck would not be signing his county vouchers for payment as Plaintiff is not in the building performing his duties.

62. As a result, three vouchers, amounting to $8,653.86, were not signed by Heubeck. Plaintiff and his Company were not paid said amount as per contractual

agreement until the County Executive's office eventually intervened, and the money was paid 6 weeks late.

63. On or about October 10, 2016, Plaintiff also filed two separate complaints against Heubeck directly with DCJS, alleging fraud by Heubeck regarding use of uncertified instructors in security guard recertification courses and use of an uncertified instructor, curriculum scheduling deficiencies, and course deficiency in Defensive Tactics Instructor School.

64. Following a Freedom of Information Law request, Plaintiff was advised on February 17, 2017, by Tom Canning of DCJS, that the security guard false filing concerns reported by Plaintiff in October 2016 were verified and substantiated.

65. Upon information and belief, the investigations regarding the two police instructor courses (DT and Instructor Development) are still pending to date before DCJS.

66. Plaintiff also reported allegations of false filing by Director Heubeck to Rockland County Assistant District Attorney Rich Moran on or about October 12, 2016, for potential criminal charges.

67. Upon information and belief, Director Heubeck's contract has not been renewed as of January 2017 because of the ongoing investigation regarding Plaintiff's fraud allegations.

**Plaintiff's Application for 2017 RFP Contract**

68. On October 18, 2016, Plaintiff received notification through the Empire State Purchasing Group that the County posted a new RFP (2016-020) for the position of Basic School Coordinator.

69. Plaintiff and his company applied for this position, and the Rockland County Department of Purchasing acknowledged receipt of Plaintiff's application which was submitted prior to the deadline of November 22, 2016.

70. After Plaintiff was not selected for the RFP 2016-020, he requested a debriefing with the Rockland County purchasing department and met with the Rockland County purchasing department twice to understand how the proposals for RFP 2016-020 were scored.

71. The contract was awarded instead to Heubeck's friend Tim Latterner, of Collaborative Security Solutions LLC, who Heubeck was already introducing as his new training coordinator on January 4, 2017, prior to the official January 6, 2017 interviews for the position.

72. Plaintiff sought further clarification following his debriefing and was directed by Department of Purchasing Director Paul Brennan to submit written questions to his office.

73. On February 3, 2017, Plaintiff submitted nine questions which were not answered by Brennan.

74. Plaintiff's RFP proposal was evaluated by three county evaluators who had previously been served with a notice of claim by Plaintiff.

75. As per the Rockland County Evaluator's Handbook Sections 2 and 9, all three evaluators, Undersheriffs Van Cura & Barbera, and Orangetown Police Chief Kevin Nulty, should have recused themselves regarding selection of the new contract due to a conflict of interest.

76. Plaintiff was negatively rated by evaluators on RFP 2016-020 as not having supervisory experience, which does not appear on the RFP as one of 12 listed proposal requirements. The use of this criteria violated the Rockland County Procurement Policy Section 140-3.1.E, which provides for the contract to be awarded to the responsive bidder, "whose bid meets the requirements and criteria set forth in the invitation for bids".

77. Plaintiff was graded by evaluators for RFP 2016-020 as receiving 734.29 points; however, Plaintiff's submission for RFP 2015-022 for the same position as Basic School Coordinator awarded him 919.29 points.

78. Plaintiff was advised by phone call prior to the appointment on February 6, 2017 by the Rockland County DA's office that the criminal investigation into Director Heubeck's false filings was referred to the NY State Attorney General due to a conflict of interest as the DA Office members teach at the Academy.

79. A notice of claim was filed against the Defendants on or about October 4, 2016.

**FIRST CLAIM FOR RELIEF**

**(42 USC SECTION 1983 RETALIATION AGAINST PLAINTIFF FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS)**

80. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

81. While acting under color of State Law, pursuant to 42 U.S.C. Section 1983, Defendants violated Plaintiff's First Amendment rights by retaliating against him for exercising his freedom of speech as a citizen with regard to matters of public concern by being an informant and/or reporting illegal or unlawful practices regarding false filings by

Defendant Director Heubeck to the State of New York DJCS, the County attorney, and the District Attorney regarding security guard and police instructor courses.

82. Immediately after Plaintiff reported Director Heubeck for instructor certification fraud to the County attorney on July 15, 2016, he was advised by the Sheriff's Department that his contract would be immediately terminated on July 19, 2016, the very same week.

83. When Plaintiff met with the County attorney again on July 22, 2016, to further elaborate on the fraud committed by Heubeck, he was suspended from his duties and barred from Police Academy property thereafter on July 28, 2016.

84. Because of Defendants' retaliatory actions against Plaintiff for making these reports of fraud and illegal practices regarding instructor training, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
**(Tortious Interference with Contractual Relations and/or Prima Facie Tort)**

85. Plaintiff repeats and realleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

86. Director Heubeck interfered with Plaintiff's contract with the County by making false allegations against him after Plaintiff reported Heubeck for fraudulent practices regarding instructor training.

87. As County attorney Feiden's report, dated August 24, 2016, acknowledges, Heubeck did in fact make up false allegations against Plaintiff and acknowledged false

filings to DCJS.

88.     None of these allegations against Plaintiff were made by Heubeck as a basis to suspend Plaintiff from his contract *until after* Heubeck learned that Plaintiff had made complaints about Heubeck's illegal use of uncertified instructors.

89.     As a result of the foregoing, Plaintiff suffered damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Defamation)

90.     Plaintiff repeats and realleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

91.     Defendants did, in statements and/or in writing, with malice aforethought, disseminate about the Plaintiff false personal and professional information, with knowledge of its falsity or with reckless disregard of its falsity.

92.     Upon information and belief, on or about July 2016, Police Academy Firearms Coordinator Peter Tarley informed Plaintiff that Piermont Police Chief Michael O'Shea, who is on the training council that suspended Plaintiff, spread a false rumor to him that Plaintiff had thrown a clipboard at Director Heubeck.

93.     Chief O'Shea explained to Coordinator Tarley on or about July 2016 that "we can't have people working at the academy throwing clipboards at other people."  This allegation is false and this incident never occurred.

94.     Upon information and belief, Rockland County auditor Robert Bergman advised Plaintiff on or about August 2016 that he heard about an alleged clipboard incident between Plaintiff and Director Heubeck but would not reveal the source.

95. In the debriefing report dated March 2, 2017, prepared by evaluators Nulty, Van Cura and Barbera, Plaintiff was told he was not selected for Basic School Coordinator in part because he did not work well with others, in reference to the defamatory and false allegations that Plaintiff threw a clipboard at Director Heubeck, which were never investigated by Police Chiefs Training Council and were unsubstantiated.

96. Heubeck did not report such allegations to County Attorney Feiden during her investigation when Heubeck met with her on July 15, 2016 and July 22, 2016.

97. These false statements and writings have, in a variety of ways both professional and personal, damaged Plaintiff in the past, the present, and in perpetuity.

98. As a result of the foregoing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
**(Intentional and/or Negligent Infliction of Emotional Distress)**

99. Plaintiff repeats and realleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

100. Each and every defendant did, without justification, intentionally harm the Plaintiff by playing a part in seeking to wrongfully breach and terminate him from his contract, and some did harm Plaintiff by damaging his ability to subsequently be hired or contract with the County, thereby causing him intentional and/or negligent infliction of emotional distress by intentionally attempting to terminate and/or suspend Plaintiff's contract without following county Procurement Policy which would have afforded Plaintiff a reason for county actions and procedural review of claims made against him.

101. Plaintiff has been barred from County law enforcement activities which have been afforded to him since 1990.

102. Plaintiff has suffered a loss of respect, due to false rumor being spread by various Police Chiefs, within the law enforcement community which has prevented him from applying for part time police officer employment within Rockland County.

103. As a result of the foregoing, Plaintiff suffered damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

    a. Judgment declaring that Defendants' acts violated Plaintiff's rights as secured by federal and state law;

    b. Compensatory damages to compensate Plaintiff for economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

    d. Punitive damages against one or all of the Defendants;

    e. Statutory attorneys' fees, interest, costs, and disbursements, and

    f. For such other and further legal, equitable or other relief as the Court deems just and proper.

DATED:	New York, New York
		April 28, 2017

                                          GLASS KRAKOWER LLP
                                          100 Church Street, 8th Floor, Suite 800
                                          New York, NY 10007
                                          (212) 537-6859

                        By:	_____s/_____
                              Bryan Glass, Esq.